JUDITH DIANE FUNGAROLI v. MICHAEL A. FUNGAROLI, BETTY S. FUNGAROLI AND ROBERT MICHAEL FUNGAROLI

No. 8021SC582

(Filed 7 April 1981)

1. **Process § 9.1– removal of child from N.C. – personal jurisdiction over defendant**

   The trial court properly concluded that it had personal jurisdiction over the nonresident defendant in an action to recover damages because of the wrongful removal of plaintiff's child from North Carolina in violation of a child custody order where plaintiff's complaint and affidavit supported the court's presumed finding that defendant participated in removing plaintiff's child from North Carolina, although defendant presented a contrary affidavit in which he denied participating in the removal of the child from this State.

2. **Courts § 2.4– alleged absence of jurisdiction – motion to dismiss – notice and hearing**

   Defendant's contention that his procedural due process rights were violated because he did not receive notice and a hearing on his motion to dismiss the action against him for lack of personal jurisdiction is without merit where the court's order denying the motion to dismiss states that evidence was presented at a hearing by the attorney for plaintiff and the attorney for defendant, and no evidence to the contrary appears in the record.

APPEAL by defendant from *McConnell, Judge.* Order entered 18 February 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 27 January 1981.

By order of the District Court of Forsyth County, issued 8 August 1978, plaintiff was awarded the custody of Derek Cas-

sidy Fungaroli, minor child of plaintiff and defendant Robert Michael Fungaroli.

On 12 October 1979, plaintiff filed a complaint alleging that the defendant, Robert Michael Fungaroli, acting in concert with both the codefendants, who are his parents, secretly left North Carolina with the minor child. They allegedly removed the child from this State for the purpose of defeating plaintiff's right to custody and in violation of G.S. 14-320.1. Thereafter, plaintiff allegedly went to the State of Virginia where defendants were residing with the child and demanded that they release the child to her. Plaintiff charged that the defendants refused to allow her even to see her child.

On 5 December 1979, defendant Michael A. Fungaroli, grandfather of the minor child, filed a motion asking the court to dismiss plaintiff's action as it pertained to him on the basis that the court was without *in personam* jurisdiction over him.

Plaintiff submitted to the court her affidavit in opposition to this motion. Defendant tendered his own affidavit in support thereof. Based upon these statements and the parties' pleadings the court entered its order on 18 February 1980 denying defendant Michael A. Fungaroli's motion to dismiss and declaring that the court did have personal jurisdiction over him. Defendant appeals from that order.

*Wilson and Redden, by Harold R. Wilson, for plaintiff appellee.*

*Womble, Carlyle, Sandridge and Rice, by Keith W. Vaughan, for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant contends that the trial court improperly denied his motion to dismiss plaintiff's action insofar as it applied to him, because the evidence in the record did not support the trial court's finding that it had personal jurisdiction over him.

Our "long-arm" statute, G.S. 1-75.4, determines those circumstances under which our courts have *in personam* jurisdiction. That statute reads in pertinent part as follows:

*Personal jurisdiction, grounds for generally.* — A court of this State having jurisdiction of the subject matter has

Fungaroli v. Fungaroli

jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

. . .

(3) Local Act or Omission. — In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

Subject to the limitations imposed by due process, this section should be liberally construed in favor of finding personal jurisdiction. *Leasing Corp. v. Equity Associates*, 36 N.C. App. 713, 245 S.E. 2d 229 (1978); *Dillon v. Funding Corp.*, 29 N.C. App. 513, 225 S.E. 2d 137 (1976), *rev'd on other grounds*, 291 N.C. 674, 231 S.E. 2d 629 (1977). In addition to meeting the statutory requirements, in order for a court to exercise its jurisdiction the defendant must be found to have certain minimum contacts with the State in compliance with due process requirements. *Hankins v. Somers*, 39 N.C. App. 617, 251 S.E. 2d 640, *cert. denied*, 297 N.C. 300, 254 S.E. 2d 920 (1979); *Leasing Corp. v. Equity Associates, supra.*

Defendant does not argue that he did not have minimum contacts with this State. However, he does argue that the evidence before the trial court did not meet the statutory requirements of G.S. 1-75.4.

Plaintiff contended that defendant participated, along with the other two defendants, in the act of removing her child from North Carolina at the time of the custody hearing. In her complaint plaintiff alleged that:

VII. The plaintiff is informed, believes and therefore alleges that the defendant, Robert Michael Fungaroli, acting in concert with both the co-defendants, Michael A. Fungaroli and Betty S. Fungaroli, secretly left the State of North Carolina with the said minor child for the purpose of defeating the plaintiff's right to the custody and control of her said minor child; that the defendants, acting independently and jointly, did abduct said child and remove him from the State of North Carolina in Violation of G.S. 14-320.1.

Plaintiff submitted her own affidavit in opposition to defendant's motion to dismiss. In further support of her contention that defendant participated in the removal of the child from the State, plaintiff, in her affidavit, stated:

> Sometime subsequent to the date we were in Court, I do not remember the exact date, I again called the Fungarolis' home in Springfield, Virginia and Michael A. Fungaroli answered the phone. I asked him if my child was there and if I could see my child. He informed me that the child was there; that I did not have any right to see the child and that I would never see him again. I asked Mr. Fungaroli why they had taken the child out of the State of North Carolina after the Court had ordered that the child be returned over to me immediately. Mr. Fungaroli stated, *"We brought the child back to Virginia because the case is on appeal. We will win the appeal, and you will never see Derek again,"* (Emphasis added.)

Plaintiff insists that her pleading and affidavit constituted sufficient evidence from which the court could find that defendant participated in an act within this State that resulted in wrongful injury to plaintiff, thus giving the court *in personam* jurisdiction.

Defendant submitted his own affidavit in support of his motion to dismiss. In his affidavit he denied having taken part in the abduction of the child. His statements read as follows:

> 1. I am one of the defendants in the above case.

> 2. I have read the affidavit signed by Judith Diane Fungaroli on January 16, 1980 and filed in connection with this lawsuit. Her allegations in that affidavit which pertain directly to me are untrue.

> 3. I was not present during the custody case held in Forsyth County Civil District Court on August 7, 1978.

> 4. I did not take Derek Fungaroli out of the State of North Carolina immediately following the August 7, 1978 hearing or any time thereafter, nor did I ride in any vehicle with Derek Fungaroli when he was taken out of the State of North Carolina, nor did I assist in the transporting of Derek Fungaroli out of the State of North Carolina.

5. I never told Judith Diane Fungaroli that I took Derek Fungaroli out of the State of North Carolina after the child custody hearing on August 7, 1978 or that I participated to any extent in his removal from the State.

Defendant maintains that the only evidence offered by plaintiff with respect to the issue of personal jurisdiction were her statements in her affidavit. These, he asserts, served only to raise a "suspicion, conjecture, guess, possibility, or chance" that her contentions were true. More significantly, defendant takes the position that the evidence presented by plaintiff and defendant was directly in conflict. This conflict in the evidence established an equipoise to the contentions advanced by the opposing parties. Defendant insists that since the record revealed no means by which the conflict in the evidence could be resolved and since the evidence was of equal weight, the trial court erred in ruling in favor of plaintiff, she being the party with the burden of proof.

Under G.S. 1A-1, Rule 52(a)(2), the trial judge need not make findings of fact and conclusions of law when making a decision on a motion unless they are requested by a party or required by Rule 41(b) which is not applicable here. Defendant did not make such a request in this case. "It is presumed, when the Court is not required to find facts and make conclusions of law and does not do so, that the court on proper evidence found facts to support its judgment. *Williams v. Bray*, 273 N.C. 198, 159 S.E. 2d 556 (1968); *Powers v. Memorial Hospital*, 242 N.C. 290, 87 S.E. 2d 510 (1955)." *Sherwood v. Sherwood*, 29 N.C. App. 112, 113-14, 223 S.E. 2d 509, 510-11 (1976). Although the trial court in the instant case did not actually make findings of fact in support of its order, we will presume that the trial court did find facts to support its decision and order. Therefore, we must assume that the trial court after reviewing the pleadings and affidavits of both parties decided to take as true plaintiff's contentions.

The trial judge's findings of fact when supported by competent evidence are conclusive upon this Court even when there is conflict in the evidence. *Morse v. Curtis*, 276 N.C. 371, 172 S.E. 2d 495 (1970); *Insurance Co. v. Lambeth*, 250 N.C. 1, 108 S.E. 2d 36 (1959). The trial judge must determine the weight and sufficiency of the evidence much as a juror. The presumed finding of fact

that defendant participated in the alleged act of removing plaintiff's child from North Carolina is supported by both plaintiff's complaint and her affidavit. Therefore, we are bound by that finding of fact, and we think that there was no error in the trial court's denial of defendant's motion to dismiss based on these grounds.

[2] Defendant next contends that the trial court in denying his motion to dismiss failed to afford him his rights of procedural due process. Defendant insists that this is so for the following reasons: Defendant was afforded neither notice of hearing nor a hearing itself with regard to evidence concerning the motion to dismiss. The judge who signed the 18 February 1980 order was not commissioned to hold civil court in Forsyth County during that week. Defendant was not afforded an opportunity to request findings of fact prior to the entry of the trial court's order.

The record shows that defendant did not make a request for a hearing on his motion to dismiss. He submitted his own affidavit to the trial court in support of the motion. Judge McConnell's order denying defendant's motion states:

> And the Court after hearing the evidence presented by the attorney for the plaintiff and the attorney for the defendant, Michael A. Fungaroli, finds that the Court does have jurisdiction over this cause of action and jurisdiction over the person of Michael A. Fungaroli. . . .

The judgment indicates that a hearing on defendant's motion was held. If a judgment is regular on its face the record is presumed to be valid until the contrary is shown by the proper proceeding. *Shaver v. Shaver*, 248 N.C. 113, 102 S.E. 2d 791 (1958). In this case we must assume from the judgment that the trial court did hold a hearing on defendant's motion, no evidence to the contrary appearing in the record. Consequently, defendant's assertions that his procedural due process rights were violated because he did not receive notice and hearing on his motion are specious. Defendant's remaining two contentions with regard to the alleged denial of his rights to due process do not merit discussion.

Affirmed.

Judges VAUGHN and BECTON concur.