SEVIL HORNE AND WIFE, NELL HORNE; MAJORIE MacDONALD AND HUSBAND, JOE MacDONALD; HELEN MARTIN AND HUSBAND, CECIL MARTIN; EUNICE HORNE, WIDOW AND WILLIE T. HORNE, WIDOW v. CHARLES FLACK, JR., AND WIFE, JANE FLACK

No. 8329SC402

(Filed 5 June 1984)

**Judgments § 10— compliance with consent judgment—properly found**

There was competent evidence in the record to support a trial court's ruling that plaintiffs had complied with a consent judgment *as the court interpreted it* where the evidence tended to show that the parties owned adjacent buildings which shared a common stairway; the stairway was on defendants' property, but plaintiffs had an easement to use it; the stairway was the sole access to the second and third stories of plaintiffs' building; in 1980 plaintiffs sued for an injunction to prevent defendants from denying them use of the stairway; the suit resulted in a consent judgment which permitted plaintiffs to continue use of the stairway, on condition that they sandblast their building; a county building inspector's certificate would be *prima facie* evidence of plaintiffs' compliance; questions of compliance and interpretation were for the court; and a building inspector filed a certificate which concerned the sandblasting of the front and back walls of the building and certified that he had examined the third exposed wall, and "that said wall is an old exposed brick wall and unpainted and sandblasting of this wall would not be necessary." G.S. 1A-1, Rule 52(a)(1)-(2).

APPEAL by defendants from *Burroughs, Judge.* Order entered 10 January 1983 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 7 March 1984.

*Robert W. Wolf and George R. Morrow for defendant appellants.*

*Hamrick, Bowen, Nanney & Dalton, by Walter H. Dalton, for plaintiff appellees.*

BECTON, Judge.

This case involves an appeal from an order declaring plaintiffs in compliance with a consent judgment. Finding no error of law, we affirm.

The parties own adjacent buildings which share a common stairway. The stairway is on defendants' property, but plaintiffs had an easement to use it; the stairway was the sole access to the second and third stories of plaintiffs' building. In 1980 plaintiffs sued for an injunction to prevent defendants from denying them use of the stairway; the suit resulted in a consent judgment in April 1982. The judgment permitted plaintiffs the continued use of the stairway, on condition that they sandblast their building. The sandblasting was to be certified by the county building inspector. The judgment provided that the inspector's certificate would be *prima facie* evidence of plaintiffs' compliance. It also provided that questions of compliance and interpretation were for the court.

The building inspector timely filed a certificate which confirmed the sandblasting of the front and back walls of the building. The inspector also certified that he had examined the third exposed wall, and "that said wall is an old exposed brick wall and unpainted and sandblasting of this wall would not be necessary." Subsequently, plaintiffs tried to go onto the property, but defendants ordered them off. Plaintiffs filed a motion to declare themselves in compliance with the consent judgment and defendants in non-compliance. From an order granting plaintiffs' motion, defendants appeal.

Defendants' sole challenge is to the sufficiency of the findings of fact and the evidence supporting them. The hearing involved a motion for declaration of compliance, and neither side requested findings of fact. The court did not have to "find the facts specially." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1)-(2) (1983); *Kolendo v. Kolendo*, 36 N.C. App. 385, 243 S.E. 2d 907 (1978).

The sole "finding of fact" included in the order was the following: "The Court, having reviewed the facts and the arguments of counsel, and having considered the certification of [the building inspector], finds that the plaintiffs are in compliance with the provisions . . . of said judgment." This "finding" constitutes nothing more than an erroneously-named, naked legal conclusion: it reveals nothing about what plaintiffs did or did not do to achieve compliance. As we noted above, however, the absence of factual findings is acceptable in this case under the North Carolina Rules of Civil Procedure. It is well established

that when the law does not require findings and none are made, the appellate court will presume that the court, on proper evidence, found facts to support its judgment. *Fungaroli v. Fungaroli*, 51 N.C. App. 363, 276 S.E. 2d 521, *disc. rev. denied*, 303 N.C. 314, 281 S.E. 2d 651 (1981).

Assuming, *arguendo*, that the sufficiency of the evidence is properly before this Court, we still find no merit in the appeal. The consent order provided that the inspector's certificate would constitute *prima facie* evidence of compliance. The only defect in the certificate consisted of the inspector's statement that the one unpainted wall did not need sandblasting. The court, and not the inspector, had the power to interpret whether the judgment mandated sandblasting of *all* the walls, or only those requiring it. The better procedure would undoubtedly have been to obtain a judicial determination that the third wall did not need sandblasting before final inspection. The court had the certificate before it at hearing, however, and expressly stated that it had reviewed the certificate, the facts, and arguments of counsel. Under these circumstances, we hold that there was competent evidence in the record to support the court's ruling that plaintiffs had complied with the judgment *as the court interpreted it*. If the court had interpreted the judgment as defendants wished, it presumably would have ruled for them. Defendants have offered no evidence suggesting such a result, however, probably because there is none. On this record, any procedural error appears harmless.

We conclude that the order was proper in all respects, and must therefore be

Affirmed.

Judges WEBB and EAGLES concur.