JAMES F. GODWIN, SR., Administrator of the Estate of JAMES F. GODWIN, JR., Deceased; JAMES F. GODWIN, SR., Individually; and JEAN P. GODWIN, Plaintiffs v. ROGER BRENT WALLS; M & B TRUCKING INCORPORATED; and MEDIQUIK EXPRESS, INC., Defendants

No. 9315SC1200

(Filed 4 April 1995)

**1. Courts § 14 (NCI4th)— nonresident truck driver working for North Carolina company—accident occurring in another state—long-arm statute inapplicable**

No basis for personal jurisdiction existed under N.C.G.S. § 1-75.4(3), the long-arm statute pertaining to acts or omissions within this state, though defendant may have been a truck driver for a North Carolina corporation and may have failed to properly inspect the vehicle he was driving at the time of the accident, since the agency relationship was alleged in the complaint but no sworn verification appeared of record; defendant made no response to plaintiffs' allegations, including no admission; even if the court did have jurisdiction over defendant's employer, that would not give the court personal jurisdiction over defendant, as an agent may not be held liable under the jurisdiction of North Carolina courts for acts or omissions allegedly committed by the corporation; and there was no allegation or evidence that defendant's alleged failure to inspect the vehicle and his operation of the vehicle occurred within North Carolina.

**Am Jur 2d, Courts §§ 118, 119.**

**2. Courts §§ 14, 18 (NCI4th)— injuries occurring outside North Carolina—wrongful death and property damage claims**

The claims of plaintiffs for negligent infliction of emotional distress and loss of consortium are classified as "injuries to person or property" within the purview of N.C.G.S. § 1-75.4(4) conferring *in personam* jurisdiction for acts occurring outside North Carolina, provided service activities were carried on within North Carolina, and defendant's own affidavit showed that he picked up or delivered pharmaceuticals in North Carolina on two occasions each week; however, claims of wrongful death and property damage could not be joined in the action alleging negligent infliction of emotional distress and loss of consortium.

**Am Jur 2d, Courts §§ 99-100, 118, 119.**

GODWIN v. WALLS

[118 N.C. App. 341 (1995)]

**3. Courts § 15 (NCI4th)— nonresident defendant—wrongful death and property damage—failure to show defendant engaged in substantial activity in North Carolina when served**

N.C.G.S. § 1-75.4(1) was ineffective to confer upon North Carolina courts personal jurisdiction over defendant with respect to plaintiffs' claims for wrongful death and property damage, since plaintiffs did not make a *prima facie* showing that defendant was engaged in substantial activity within this state when service of process was made upon him.

Am Jur 2d, Courts §§ 118, 119.

**4. Courts § 15 (NCI4th)— nonresident defendant—minimum contacts—due process requirements met—in personam jurisdiction**

The nonresident defendant had sufficient contacts with North Carolina to meet the requirements of due process and to permit the exercise of personal jurisdiction over him where defendant entered into an employment arrangement with a North Carolina based company, purposefully availed himself of the privilege of conducting business here for the purpose of obtaining a financial benefit, and traveled to this state approximately twice weekly over an eight-month period hauling pharmaceuticals for another company with offices in North Carolina.

Am Jur 2d, Courts §§ 118, 119.

**Development of the doctrine of *Pennoyer v. Neff* as regards jurisdiction over nonresident individuals and foreign corporations—Supreme Court cases. 2 L. Ed. 2d 1664.**

Appeal by defendant Roger Brent Walls from order filed 3 September 1993 by Judge George R. Greene in Orange County Superior Court. Heard in the Court of Appeals 1 September 1994.

*Mast, Morris, Schulz & Mast, P.A., by George B. Mast, Bradley N. Schulz, and David F. Mills, for plaintiff-appellees.*

*Poe, Hoof & Reinhardt, by G. Jona Poe, Jr., Martha New Milam, and James C. Worthington, for defendant-appellant.*

JOHN, Judge.

Defendant Roger Brent Walls (Walls) appeals the trial court's order denying his motion to dismiss for lack of personal jurisdiction.

GODWIN v. WALLS

[118 N.C. App. 341 (1995)]

He contends the trial court erred by failing to consider oral arguments or written briefs from counsel in support of his motion and by concluding North Carolina may properly assert jurisdiction over his person. For the reasons set forth herein, we find certain of defendant's arguments persuasive.

Relevant factual and procedural information is as follows: On 23 July 1992, James F. Godwin, Jr. and William Roma Godwin were standing beside a 1986 Chevrolet pickup truck occupied by James F. Godwin, Sr. The vehicle was temporarily stopped on a grass shoulder along southbound Interstate 95 in Caroline County, Virginia. Walls was operating a Kenworth tractor-trailer southbound on Interstate 95 when his vehicle left the surfaced portion of the highway and collided with the truck, killing both James Godwin, Jr. and William Godwin.

Walls is a citizen and resident of Maryland. At the time of the accident, he had been an employee of defendant M & B Trucking, Inc. (M & B) since 5 December 1991. M & B is a North Carolina corporation whose principal place of business is Durham, North Carolina. Walls continued to reside in Maryland during his employment and made approximately two trips per week to North Carolina hauling pharmaceuticals for defendant Mediquik Express, Inc. (Mediquik), an Ohio corporation which maintained a North Carolina office in Chapel Hill. The owners of both the tractor (M & B) and the trailer (Mediquik) involved in the accident are defendants herein, but are not subjects of this appeal.

Plaintiffs instituted this action seeking damages from all defendants for wrongful death, property damage, loss of consortium, and emotional distress, as well as punitive damages.

On 18 June 1993, Walls filed a motion to dismiss for lack of personal jurisdiction and submitted an affidavit in support of the motion. The affidavit stated *inter alia*:

4. I am presently 26 years old and I have resided in the State of Maryland continuously since my birth.

5. On or about December 5, 1991, I became employed as a truck driver for M & B Trucking, Incorporated, a North Carolina corporation.

6. I was employed by M & B Trucking, Incorporated as an over-the-road truck driver.

7. Between December 1991 and July 23, 1992, I made approximately 2 trips per week to the State of North Carolina in connection with my employment as a driver for M & B Trucking, Incorporated. Each of my trips to North Carolina involved pick up or delivery of a trailer load of pharmaceuticals and I spent only a few hours within the State of North Carolina on each of these trips.

8. Other than as stated in paragraph seven (7) of this Affidavit, I have had no further contacts with the State of North Carolina.

9. On or about the 24th day of April, 1993, I was served with a copy of the Summons and Complaint in the above-captioned lawsuit by the Sheriff of Queen Anne's County, Maryland.

10. The accident which is the subject of the above-captioned lawsuit took place in the Commonwealth of Virginia on July 23, 1992.

11. I have not returned to nor had any further contact with the State of North Carolina since July 22, 1992, that date being one day before the accident that is the subject of the above-captioned lawsuit.

The trial court denied defendant Walls' motion and he thereafter filed timely notice of appeal to this Court 21 September 1993.

Although the denial of a motion to dismiss is not ordinarily immediately appealable, Walls properly proceeds pursuant to N.C. Gen. Stat. § 1-277(b) (1983), which prescribes a right of immediate appeal where there has been "an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . . ." *See also Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982). We therefore consider Walls' contentions.

I.

Walls first assigns as error the trial court's alleged denial *sua sponte* of his motion to dismiss for lack of personal jurisdiction without considering written briefs or oral arguments of counsel. We find this contention unpersuasive.

It is well settled that due process of law requires both notice and an opportunity to be heard before a competent tribunal. *Forman & Zuckerman v. Schupak*, 38 N.C. App. 17, 19, 247 S.E.2d 266, 268

GODWIN v. WALLS

[118 N.C. App. 341 (1995)]

(1978). "It is elementary and fundamental that every person is entitled to his day in court to assert his own rights or to defend against their infringement." *Coach Co. v. Burrell*, 241 N.C. 432, 436, 85 S.E.2d 688, 692 (1955).

Walls maintains the trial court determined personal jurisdiction existed on "the mere fact the Plaintiffs were from North Carolina . . . . Thus, no consideration was given to the question presented by [Walls regarding his] Motion to Dismiss for lack of personal jurisdiction . . . . In essence, [Walls] never had an opportunity to be heard."

However, "[i]f a judgment is regular on its face the record is presumed to be valid until the contrary is shown by the proper proceeding." *Fungaroli v. Fungaroli*, 51 N.C. App. 363, 368, 276 S.E.2d 521, 524, *disc. review denied*, 303 N.C. 314, 281 S.E.2d 651 (1981) (citing *Shaver v. Shaver*, 248 N.C. 113, 102 S.E.2d 791 (1958)). Thus, without a showing to the contrary, the trial court must receive the benefit of *omnia rite acta praesumuntur*, all things are presumed to have been rightly done. *See Sherwood v. Sherwood*, 29 N.C. App. 112, 114, 223 S.E.2d 509, 511 (1976).

The order herein indicates a hearing on Walls' motion was held whereby the plaintiffs and all defendants were represented by counsel. Further, counsel stipulate on appeal that "[t]he August 23, 1993 Civil Session of Orange County Superior Court was duly organized and held, and the proceedings in this case held before the Honorable George R. Greene, Superior Court Judge Presiding, were not recorded." Accordingly, as there is no record evidence to the contrary, we must assume a hearing was held in regards to Walls' motion to dismiss. *Fungaroli*, 51 N.C. App. at 368, 276 S.E.2d at 524. Walls consequently lacks a basis upon which to assert a violation of his procedural due process rights, and this assignment of error must therefore fail.

## II.

Walls next argues the trial court committed reversible error when it denied his motion to dismiss for lack of personal jurisdiction. We conclude this contention has merit in certain respects.

The resolution of whether the trial court acquired *in personam* jurisdiction over defendant involves a two-fold determination. First, the statutes of North Carolina must permit the exercise of jurisdiction, and second, such exercise must comport with due process of law under the Fourteenth Amendment to the U.S. Constitution.

*Century Data Systems v. McDonald,* 109 N.C. App. 425, 426-27, 428 S.E.2d 190, 190 (1993).

### Long-Arm Statute

We first consider whether a basis for asserting personal jurisdiction exists under N.C. Gen. Stat. § 1-75.4 (1983), commonly referred to as the "long-arm statute."

In the case *sub judice* the trial court did not indicate under which subsection of the long-arm statute it determined jurisdiction was acquired over Walls. However, absent request by a party, the trial court is not required to make findings as to which statutory grounds it utilized in finding personal jurisdiction. *Cameron-Brown Co. v. Daves,* 83 N.C. App. 281, 285, 350 S.E.2d 111, 114 (1986). Rather it is presumed the court, upon proper evidence, found facts sufficient to support its decision. *J. M. Thompson Co. v. Doral Manufacturing Co.,* 72 N.C. App. 419, 424, 324 S.E.2d 909, 912, *disc. review denied,* 313 N.C. 602, 330 S.E.2d 611 (1985) (citations omitted).

Since the trial court herein made no findings of fact, the dispositive issue before this Court is sufficiency of the evidence to support a determination of personal jurisdiction. *Id.* Plaintiffs contend three sections of our long-arm statute have applicability to the case *sub judice.* We examine each in turn. In the event we find one or more to confer personal jurisdiction over Walls, we must then decide if exercise of the statutory grant of jurisdiction violates the due process clause of the federal constitution. *Century Data Systems,* 109 N.C. App. at 426-27, 428 S.E.2d at 190.

A.

**[1]**	N.C. Gen. Stat. § 1-75.4(3) (1983) provides for personal jurisdiction

[i]n any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

Thus, personal jurisdiction is authorized for any injury arising from a local act or omission.

Plaintiffs in their appellate brief assert the following acts or omissions by Walls occurred in North Carolina:

1. That defendant Walls was an agent and employee of M & B Trucking[, a North Carolina corporation,] and Mediquik and was

operating a tractor trailer registered in the State of North Carolina at the time of the collision;

2. That Walls was a "motor carrier" as defined by the Federal Motor Carrier Safety Regulations . . . (which imposes upon him a duty to properly inspect and maintain his vehicle);

3. That Walls, M & B Trucking and Mediquik's agent, failed to properly inspect the vehicle he was driving at the time of the accident;

4. That Walls, among other things, operated his vehicle without a properly working windshield wiper, with defective or unsafe equipment, with defective brakes, with a defective fifth-wheel coupling device and bracket, with a front steering tire with less than adequate tread groove depth, and with an improper speedometer and tachometer; . . . and

5. That even if Walls did properly inspect his vehicle, he made negligent decisions to operate the motor vehicle when it was in an unsafe condition so as to likely cause an accident.

Plaintiffs further argue that "to be authorized to operate and inspect this North Carolina licensed tractor, [Walls] had to pass written and driving tests for this particular commercial vehicle administered by M & B Trucking," and accordingly, "the majority of his negligent decisions to drive and negligent inspections occurred within the State of North Carolina while an employee and agent of a North Carolina corporation."

The primary focus of plaintiffs' argument regarding personal jurisdiction for a "local act or omission" is thus upon the alleged employer-employee and agency relationship between Walls and M & B Trucking, a North Carolina corporation. Because Walls was acting within the scope and course of that relationship with a North Carolina company at the time of the collision, plaintiffs suggest, then North Carolina courts may exercise personal jurisdiction over him. This argument fails for several reasons.

First, we note that upon a challenge to jurisdiction, " 'plaintiff has the burden of proving *prima facie* that a statutory basis for jurisdiction exists.' " *Century Data Systems*, 109 N.C. App. at 427, 428 S.E.2d at 190-91 (quoting *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 629-30, 394 S.E.2d 651, 654 (1990)). We find no such showing by plaintiffs.

The agency relationship is alleged in plaintiffs' complaint and incorporated into their amended complaint, but no sworn verification appears of record. Moreover, Walls filed his motion to dismiss prior to pleading in accordance with the provisions of N.C. Gen. Stat. § 1A-1, Rule 12(b) (1990), and hence has made no response to, much less admitted, plaintiffs' allegations.

Next, the emphasis upon the agency relationship ignores the issue for resolution in this appeal, namely, the exercise of personal jurisdiction by North Carolina courts over *Walls*, not M & B. While a corporate entity is liable for any wrongful act or omission of an agent acting with proper authority, *Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 596, 394 S.E.2d 643, 648 (1990), *disc. review denied*, 328 N.C. 89, 402 S.E.2d 824 (1991) (citation omitted), it does not follow an agent may be held liable under the jurisdiction of our courts for acts or omissions allegedly committed by the corporation. A corporation can only act through its agents, *Blanton v. Moses H. Cone Hosp.*, 319 N.C. 372, 375, 354 S.E.2d 455, 457 (1987) (citation omitted); therefore, plaintiffs may not assert jurisdiction over a corporate agent without some affirmative act committed in his individual official capacity. *See Moore v. American Barmag Corp.*, 710 F.Supp 1050, 1057 (W.D.N.C. 1989), *aff'd*, 902 F.2d 44 (4th Cir. 1990) (senior official of corporation not liable for alleged patent infringement by corporation without showing defendant acted as alter ego of corporation or acted outside his official capacity).

Finally, there is neither mention in plaintiffs' complaint nor evidence of record to indicate that Walls' alleged failure to inspect the vehicle, his alleged decision to operate and his subsequent operation of the vehicle occurred within North Carolina. While these items might indeed constitute local acts or omissions and arguably would suffice as the trial court's presumed findings if supported by the evidence, *J. M. Thompson Co.*, 72 N.C. App. at 424, 324 S.E.2d at 912, the only indication they may have taken place within this State is plaintiffs' bald assertion in their appellate brief. *See Hankins v. Somers*, 39 N.C. App. 617, 620, 251 S.E.2d 640, 643, *disc. review denied*, 297 N.C. 300, 254 S.E.2d 920 (1979) (the single allegation of local act or omission being plaintiff's information and belief that defendant, as partner and agent of a corporation, had committed some act of conspiracy in North Carolina, insufficient to confer personal jurisdiction).

As G.S. § 1-75.4(3) applies to "act[s] or omission[s] *within this State* by [a] defendant, the section does not grant personal jurisdiction of our courts over Walls.

GODWIN v. WALLS

[118 N.C. App. 341 (1995)]

B.

**[2]** N.C. Gen. Stat. § 1-75.4(4) confers *in personam* jurisdiction

[i]n any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

a. Solicitation or services activities were carried on within this State by or on behalf of the defendant; or

b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade.

Walls argues "[a] careful review of [this section] reveals that it does not provide for personal jurisdiction over nonresident defendants . . . in cases where both the act complained of and the injury alleged are 'foreign.' " We believe he misstates the applicable purview of the statute.

Plaintiffs herein allege Walls' actions in Virginia caused, *inter alia,* negligent infliction of emotional distress and loss of consortium, "injuries which arose and continue to exist in the State of North Carolina," and that they "continue to suffer from these injuries, and continue to incur loss of earnings and medical expenses arising therefrom."

We first note the statute requires only that the action "claim" injury to person or property within this state in order to establish personal jurisdiction. It does not mandate evidence or proof of such injury. *Vishay Intertechnology, Inc. v. Delta Intern. Corp.*, 696 F.2d 1062, 1067 (4th Cir. 1982). The question remains whether negligent infliction of emotional distress and loss of consortium are the type of "injury" contemplated by the section.

In *Sherwood*, this Court examined whether marital abandonment constitutes " 'injury to the person or property' as used in G.S. 1-75.4(3) . . . ." 29 N.C. App. at 115, 223 S.E.2d at 512. We first stated the phrase "should be given a broad meaning consistent with the legislative intent to enlarge the concept of personal jurisdiction to the limits of fairness and due process, which negates the intent to limit the actions thereunder to traditional claims for bodily injury and property damages." *Id.* In keeping with this concept, we acknowl-

edged actions for alienation of affections and criminal conversation which "involve wrongs willfully inflicted and the deprivation of martial companionship and cohabitation" had previously been held to constitute injury to person or property under the statute. *Id.* at 116, 223 S.E.2d at 512; *see Golding v. Taylor,* 19 N.C. App. 245, 247, 198 S.E.2d 478, 479, *cert. denied,* 284 N.C. 121, 199 S.E.2d 659 (1973). Accordingly, we concluded "injury to person or property" includes a claim based upon marital abandonment. *Sherwood,* 29 N.C. App. at 116, 223 S.E.2d at 512.

The claims of plaintiffs for negligent infliction of emotional distress and loss of consortium are sufficiently similar to those approved in *Sherwood* and *Golding* to permit classification as "injur[ies] to person or property" within the purview of G.S. § 1-75.4(4).

Finally, the statute requires "services activities" to have been carried on within this state by or on behalf of the defendants "at or about the time of the injury." Walls' own affidavit reveals that at the time of the accident he was engaged as a truck driver for M & B. In this capacity, he picked up or delivered pharmaceuticals in North Carolina on approximately two occasions per week. We believe this to be a sufficient *prima facie* showing that Walls was engaged in service activity at or about the time of the claimed injury.

Based on the foregoing, we hold plaintiffs have met their burden concerning the personal jurisdiction requirements of G.S. § 1-75.4(4) with respect to their claims against Walls for negligent infliction of emotional distress and loss of consortium and for any damages flowing therefrom. However, plaintiffs also assert claims of wrongful death and property damage, injuries which indisputably occurred outside the State of North Carolina.

N.C. Gen. Stat. § 1-75.5 (1983) provides as follows:

In any action brought in reliance upon jurisdictional grounds stated in subdivisions (2) to (10) of G.S. 1-75.4 there cannot be joined in the same action any other claim or cause against the defendant unless grounds exist under G.S. 1-75.4 for personal jurisdiction over the defendant as to the claim or cause to be joined.

Accordingly, unless another basis for assertion of personal jurisdiction over Walls may be found for plaintiffs' claims of wrongful death and property damage, these may not be joined in the action alleging negligent infliction of emotional distress and loss of consortium. We

therefore proceed to examine, under the remaining provision of our long-arm statute which may be applicable, whether grounds exist for assertion of personal jurisdiction over Walls as to these claims.

## C.

**[3]** N.C. Gen. Stat. § 1-75.4(1) provides in pertinent part:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

(1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

. . . .

d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

Walls argues that at the time service of process was effected upon him in the State of Maryland, he was no longer engaged in any activity relating to the State of North Carolina. He points to the statutory language "when service of process is made," as well as his affidavit to the effect he neither returned to nor had any further contact with the State of North Carolina following 22 July 1992, that date being one day prior to the accident which is the subject of the lawsuit in question. Therefore, Walls concludes, G.S. § 1-75.4(1) does not apply to confer jurisdiction over his person.

Plaintiffs respond by stating the record reflects no attempt by Walls to "deny or dispute that he remained employed by [the corporate defendants] at the time when service of process" was obtained. We reiterate that upon a challenge to jurisdiction, plaintiff assumes the burden of proof of a *prima facie* case. *Century Data Systems*, 109 N.C. App. at 427, 428 S.E.2d at 190-91. The only evidence of record as to Walls' activities at the time of service of process is contained in his affidavit. Moreover, neither the complaint nor the amended complaint contain any allegation regarding the nature of Walls' contacts with North Carolina or his continued employment with the corporate defendants following the accident. Hence, because the record is devoid of evidence which would support the trial court's presumed finding of "substantial activity within this State" by Walls "when serv-

ice of process [was] made upon [him]," Walls' argument that the section is inapplicable must be sustained.

We are cognizant that our long-arm statute " 'should be liberally construed in favor of finding personal jurisdiction,' " *Leasing Corp. v. Equity Associates*, 36 N.C. App. 713, 719, 245 S.E.2d 229, 233 (1978) (citation omitted), and that "[b]y the enactment of G.S. 1-75.4(1)(d), . . . the General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." *Dillon v. Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977) (citation omitted). We also observe that at least one court has impliedly questioned "whether absolute contemporaneity of 'activities' and service of process is constitutionally required by the 'when service . . . is made' phrase . . . ." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Nonetheless, the statute specifically speaks of substantial activity within this state *"when service of process is made."* "The legislature is presumed to have intended a purpose for each sentence and word in a particular statute, and a statute is not to be construed in a way which makes any portion of it ineffective or redundant." *State v. White*, 101 N.C. App. 593, 605, 401 S.E.2d 106, 113, *disc. review denied and appeal dismissed*, 329 N.C. 275, 407 S.E.2d 852 (1991) (citation omitted). As no argument was raised below concerning the constitutional validity of this provision of the statute, we do not address any constitutional concerns that may be pertinent. *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982) (citations omitted). Rather, we give full effect to the statute as enacted. Accordingly, plaintiff not having made a *prima facie* showing that Walls was engaged in substantial activity within this State "when service of process [was] made" upon him, this section is not effective to confer upon our courts personal jurisdiction over Walls with respect to plaintiffs' claims for wrongful death and property damage.

## Due Process

[4] Having determined the requirements of our long-arm statute were satisfied as to plaintiffs' claims for negligent infliction of emotional distress and loss of consortium, we next consider regarding those claims Walls' contention that "the North Carolina courts could not exercise personal jurisdiction over [him] because the constitutional requirements [of due process] were not met."

**GODWIN v. WALLS**

[118 N.C. App. 341 (1995)]

The crucial inquiry in determining whether the exercise of personal jurisdiction over a nonresident defendant comports with due process is whether the defendant has established certain minimum contacts with the forum state. In *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95 (1945), the United States Supreme Court noted:

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Id.* at 316, 90 L. Ed. at 102 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)). There must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Farmer v. Ferris*, 260 N.C. 619, 625, 133 S.E.2d 492, 497 (1963) (citations omitted). This relationship between the defendant and the forum must be "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980) (citations omitted). Whether the activity of the defendant adequately satisfies due process depends upon the facts of each case. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 96 L. Ed. 485, 492 (1952).

Factors helpful in determining the existence of minimum contacts include the quantity of the contacts, the nature and quality thereof, the source and connection of the cause of action with those contacts, interest of the forum state and convenience to the parties. *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 531, 265 S.E.2d 476, 479 (1980) (quoting *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965)). "No single factor controls, but they all must be weighed in light of fundamental fairness and the circumstances of the case." *B. F. Goodrich Co. v. Tire King and Smith v. Hill*, 80 N.C. App. 129, 132, 341 S.E.2d 65, 67 (1986) (citations omitted). Thus, determining what contacts with the forum state constitute minimum contacts for due process purposes is ultimately a fairness determination. *J. M. Thompson Co.*, 72 N.C. App. at 425, 324 S.E.2d at 913.

Concerning the "quality and quantity of contacts," the United States Supreme Court noted in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 85 L. Ed. 2d 528 (1985), that

"[t]he application of [the minimum contacts] rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person, . . ." Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State.

*Id.* at 474-75, 85 L. Ed. 2d at 542 (citations omitted).

In the case *sub judice* Walls voluntarily entered into an employment arrangement with a North Carolina based company and purposefully availed himself of the privilege of conducting business here for the purpose of obtaining a financial benefit. By his own admission, he traveled to this State approximately twice weekly over a eight (8) month period hauling pharmaceuticals for another company with offices in North Carolina. While Walls argues "the combined effect of the minimal amount of hours spent in North Carolina each trip and the relatively short period of time—merely two thirds of a year—does not rise to the level of minimum contacts required by the Constitution," we find his territorial presence sufficient to withstand a due process challenge. His regular presence in North Carolina was both "continuous and systematic," *Cherry Bekaert & Holland*, 99 N.C. App. at 632, 394 S.E.2d at 655 (1990), and "reinforce[d] the reasonable foreseeability of suit" here. *Burger King Corp.*, 471 U.S. at 475, 85 L. Ed. 2d at 543. Fewer and less consistent contacts with our state than those of Walls have been held sufficient to confer personal jurisdiction over nonresident defendants. *See Century Data Systems*, 109 N.C. App. at 430-32, 428 S.E.2d at 192-93 (minimum contacts sufficient for each individual defendant where contract existed and each defendant attended brief meetings and training sessions in North Carolina); *ETR Corporation v. Wilson Welding Service*, 96 N.C. App. 666, 669, 386 S.E.2d 766, 768 (1990) (minimum contacts exist where defendant entered this state three times to conduct business).

Moreover, plaintiffs' claims arise directly out of Walls' employment with North Carolina based companies. At the time of the accident, he was operating within the scope of his employment with

GODWIN v. WALLS

[118 N.C. App. 341 (1995)]

M & B Trucking and in furtherance of his duties for Mediquik Express.

Finally, this State has an interest in providing to its citizens a convenient forum in which to seek redress for injuries, *see Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 367, 348 S.E.2d 782, 787 (1986) ("It is generally conceded that a state has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors"), and it does not appear Walls would be unfairly prejudiced by litigation of plaintiffs' claims in North Carolina. Both corporate defendants are located in North Carolina, and Walls resides in a state in relatively close proximity to ours. Additionally, certain witnesses, including treating physicians, and evidence are located in North Carolina. Indeed, North Carolina appears to be the most convenient forum and Walls has failed to show otherwise. *See ETR Corporation*, 96 N.C. App. at 669, 386 S.E.2d at 768 (where defendant located in Georgia failed to demonstrate any reason why the exercise of personal jurisdiction would be unfair, North Carolina is as convenient a forum as any to resolve suit).

Defendant relies upon *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266 (4th Cir. 1976). Suffice it to observe that case is not binding precedent upon this Court, *see McNeill v. Harnett County*, 327 N.C. 552, 563, 398 S.E.2d 475, 481 (1990), and our examination reveals it to be distinguishable.

In sum, both our long-arm statute and federal due process requirements permit exercise of personal jurisdiction by our courts over Walls as to plaintiffs' claims for negligent infliction of emotional distress and loss of consortium. Accordingly, as to those claims, we affirm the ruling of the trial court. However, having found no basis under our long-arm statute for the exercise of personal jurisdiction over Walls as to plaintiffs' claims of wrongful death and property damage, we reverse the trial court's denial of Walls' motion to dismiss as to those causes of action. As our ruling in effect "splits" plaintiffs' claims against Walls, the parties may now wish to reach some accommodation in that regard.

Affirmed in part; reversed in part.

Judges EAGLES and ORR concur.

Judge ORR concurred prior to 5 January 1995.