STONE v. N.C. DEPT. OF LABOR

[125 N.C. App. 288 (1997)]

JANET B. STONE; ANNIE B. LOCKLEAR; MARY BARBARA WASHINGTON; CARRIE M. GALLOPS AND WILLIAM E. PEELE, JR., CO-ADMINISTRATORS OF THE ESTATE OF ROSE GIBSON PEELE; JIMMIE BROADY, ADMINISTRATOR OF THE ESTATE OF MINNIE THOMPSON; LILLIE B. DAVIS; JOHNNY DAWKINS; SHARON E. TOWNSEND; GEORGIA ANN QUICK; RONALD WAYNE POOL; ALFORENCE ANDERSON, ADMINISTRATOR OF THE ESTATE OF PEGGY JEAN ANDERSON; DAVID MACK ALBRIGHT, ADMINISTRATOR OF THE ESTATE OF DAVID MICHAEL ALBRIGHT; FRED ERNEST BARRINGTON, SR. AND NELSON BARRINGTON, CO-ADMINISTRATORS OF THE ESTATE OF JOSEPHINE BARRINGTON; PEARLIE GAGNON, ADMINISTRATRIX OF THE ESTATE OF JOHN R. GAGNON; MATTIE FAIRLEY; MARTHA WATERS; EVELYN WALL; KENNETH WHITE; CONESTER WILLIAMS; JOHN SANDERS; LARRY BELLAMY, ADMINISTRATOR OF THE ESTATE OF ELIZABETH ANN BELLAMY; SARAH WILLIAMS; NELSON BARRINGTON AND LINDA OWENS, CO-ADMINISTRATORS OF THE ESTATE OF FRED BARRINGTON; JR.; ADA BLANCHARD; AUDREY SUE SCOTT; LETHA TERRY; ELAINE GRIFFIN; KIM MANGUS; SYLVIA MARTIN; GLORIA MALACHI; ALBERTA MCRAE; SANDRA McPHAUL; EVANDER LYNCH, ADMINISTRATOR OF THE ESTATE OF JANICE LYNCH; BERNETTA ODOM; THOMAS OATES, III; KATIE NICHOLSON; PAMELA MOORE; PRISCILLA MURPHY; SALLY MURPHY; NORA BUSH; THOMAS COBLE; BRENDA CHAMBERS, ADMINISTRATRIX OF THE ESTATE OF ROSIE ANN CHAMBERS; BERNARD CAMPBELL; ROSE CHAPPELL; MARTHA NELSON, ADMINISTRATRIX OF THE ESTATE OF MARTHA RATLIFF; DEBORAH PITTMAN; ANNETTE PIERCE; ZELDA ROBERTS; RICHARD ROBERTS; CLEO REDDICK; DELORES POUNCY; BOBBY QUICK; DELORES QUICK; LULA SMITH, ADMINISTRATRIX OF THE ESTATE OF CYNTHIA RATLIFF; WILLIE QUICK; MARY BRYANT; DONNA BRANCH DAVIS; DORIS BOSTIC; RACHEL INGRAM; RICHARD M. LIPFORD; ALICE S. WEBB, ADMINISTRATRIX OF THE ESTATE OF JEFFREY A. WEBB; BARBARA SHAW; FLORA C. BANKS, ADMINISTRATRIX OF THE ESTATE OF MARGARET TERESA BANKS; JAMES THOMAS BANKS; LINDA CAROL ELLISON; PAUL SAUNDERS, ADMINISTRATOR OF THE ESTATE OF MARY LILLIAN WALL; JOANNE PAGE, ADMINISTRATRIX OF THE ESTATE OF GAIL VIVIAN CAMPBELL; VELMA BUTLER; ROY FUNDERBURK; MARY SUE RICH, ADMINISTRATRIX OF THE ESTATE OF DONALD BRUCE RICH; PEGGY BROWN, ADMINISTRATRIX OF THE ESTATE OF MARY ALICE QUICK; CAROLYN M. RAINWATER; MARGIE MORRISON, ADMINISTRATRIX OF THE ESTATE OF MICHAEL A. MORRISON; SHERMAN McDONALD; WILLIAM G. HAMILTON AND MARIE A. HAMILTON; BRENDA F. BAILEY; ELTON RAY CAFFERATA; PAMELA S. COOPER; WILLIAM KELLY, JR., ADMINISTRATOR OF THE ESTATE OF BRENDA GAIL KELLY; CATHERINE DAWKINS, ADMINISTRATRIX OF THE ESTATE OF PHILIP R. DAWKINS; JEANETTE L. SMITH; RUBY BULLARD SELLERS; REGGIE SMITH; CYNTHIA FAYE GRAHAM; WILLIAM WINSTON SMITH, SR.; WILLIAM NOCONDA SMITH, JR.; BETTY EUBANKS, ADMINISTRATRIX OF THE ESTATE OF CYNTHIA S. WALL; BETTY B. WHITE; DARRELL LEONARD WILKINS, ADMINISTRATOR OF THE ESTATE OF ROSE LYNETTE JACOBS WILKINS; ANGELA LYNN COULTER, ADMINISTRATRIX OF THE ESTATE OF JOSIE MAE COULTER; FELTON ALBERT HATCHER; PATRICIA W. HATCHER; MILDRED LASSITER MOATES; OLIN DELLANO MOATES; GLADYS FAYE NOLAN; RONNIE CARROL NOLAN; HOMER F. JARRELL, ADMINISTRATOR OF THE ESTATE OF BERTHA JARRELL; LORETTA SCOTT; LORETTA GOODWIN; BENITA INGRAM; MATTIE P. NICHOLSON; MARY ANN DAIREN; MONICA McDOUGALD; ALISON GRIFFIN; BRENDA McDOUGALD; AND ROY S. MORRISON, JR., PLAINTIFFS V. NORTH

**STONE v. N.C. DEPT. OF LABOR**

[125 N.C. App. 288 (1997)]

CAROLINA DEPARTMENT OF LABOR AND NORTH CAROLINA DEPARTMENT OF LABOR, OCCUPATIONAL SAFETY AND HEALTH DIVISION, DEFENDANTS

No. COA96-207

(Filed 4 February 1997)

1. **Appeal and Error § 112 (NCI4th)— denial of motion to dismiss—sovereign immunity—immediate appeal**

   The denial of a motion to dismiss based on sovereign immunity is immediately appealable.

   **Am Jur 2d, Appellate Review § 164.**

2. **State § 31 (NCI4th)— Tort Claims Act—public duty doctrine inapplicable**

   The public duty doctrine does not apply in actions brought against State agencies under the Tort Claims Act.

   **Am Jur 2d, Municipal, County, School, and State Tort Liability § 114; States, Territories, and Dependencies § 104.**

3. **Labor and Employment § 31 (NCI4th)— Department of Labor—violation of inspection duties—negligence action**

   One purpose of N.C.G.S. § 95-4, which imposes specific duties upon the Commissioner of Labor to enforce inspection laws, to inspect workplaces, and to prosecute violations, is to provide for the safety of the people who work in commercial establishments and to protect them from injuries in the workplace arising from unsafe conditions. Therefore, a violation of these duties to inspect and enforce can give rise to an action for negligence.

   **Am Jur 2d, Labor and Labor Relations § 3174; Plant and Job Safety—OSHA and State Laws §§ 62, 137.**

   **Municipal liability for negligent performance of building inspector's duties. 69 ALR4th 739.**

4. **Labor and Employment § 31 (NCI4th); State § 46 (NCI4th)— workplace fire—failure to inspect—statement of claim against Department of Labor**

   Plaintiffs stated a claim against the Department of Labor under the Tort Claims Act for deaths and injuries suffered in a

fire at a food processing plant where they alleged that defendant had never inspected the plant for workplace safety violations despite the occurrence of two previous fires at the plant; the employer was issued eighty-three citations for violations of the Occupational Safety and Health Act when defendant inspected the plant after the last fire; and plaintiffs suffered injuries as a result of defendant's breach of its duty to inspect.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 221-223.**

**Municipal liability for negligent performance of building inspector's duties. 69 ALR4th 739.**

Appeal by defendants from order entered 19 December 1995 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 October 1996.

*Fuller Becton Billings & Slifkin, P.A., by Charles L. Becton, Russell & King, P.A., by Edward L. Bleynat, Jr., Law Offices of Woodrow Gunter, by Woodrow W. Gunter, II, Adams Kleemeier Hagan Hannah & Fouts, by J. Alexander S. Barrett, and Kitchin, Neal, Webb & Futrell, by Henry L. Kitchin, for plaintiffs-appellees.*

*Attorney General Michael F. Easley, by Senior Deputy Attorney General Reginald L. Watkins, Special Deputy Attorney General David Roy Blackwell, Special Deputy Attorney General Elisha H. Bunting, Jr., and Special Deputy Attorney General Ralf F. Haskell, for the State.*

LEWIS, Judge.

Plaintiffs commenced this action under the Tort Claims Act, N.C. Gen. Stat. section 143-291 et. seq., for damages incurred as a result of a 3 September 1991 fire at the Imperial Food Products plant ("the plant") in Hamlet. Plaintiffs allege that defendants negligently failed to inspect the plant for workplace safety violations and failed to enforce workplace safety laws. Defendants moved to dismiss the claims under N.C.R. Civ. P. 12(b)(6) for failure to state a claim and under N.C.R. Civ. P. 12(b)(1) and (2) on the basis of sovereign immunity. Deputy Commissioner D. Bernard Alston denied defendants' motions. The full Commission affirmed and adopted the Deputy Commissioner's decision. Defendants appeal.

STONE v. N.C. DEPT. OF LABOR

[125 N.C. App. 288 (1997)]

Since we are reviewing a ruling on a motion to dismiss, we treat plaintiffs' allegations as true. *See Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). Plaintiffs allege that on 3 September 1991, a hydraulic fuel line near a deep fat fryer in the processing section of the plant ruptured, igniting hydraulic fuel from a natural gas fume cooker. The fire spread rapidly through the plant, killing twenty-five (25) people and injuring fifty-six (56). Defendants had never inspected the plant, despite the occurrence of two other fires at the plant, one in 1980 and another in 1983. When it was inspected subsequent to the fire in September 1991, the plant was issued eighty-three (83) citations for various violations of the Occupational Safety and Health Act of North Carolina. Plaintiffs allege, inter alia, that defendants' failure to inspect the plant was negligent.

[1] As a preliminary matter, we note that ordinarily, the denial of a motion to dismiss is not immediately appealable. *E.g. Godwin v. Walls*, 118 N.C. App. 341, 344, 455 S.E.2d 473, 477 (1995). However, since defendants' motion is based on sovereign immunity, its denial is properly before us. *See Hawkins v. State of North Carolina*, 117 N.C. App. 615, 622, 453 S.E.2d 233, 237 (1995).

[2] Defendants argue that because they owed no duty to plaintiffs, they cannot be held liable to them under the Tort Claims Act. The first reason they cite for lack of duty is the public duty doctrine. However, in an opinion filed contemporaneously herewith, *Hunt v. North Carolina Department of Labor*, 96COA-312, we reject this argument and hold that the public duty doctrine does not apply in actions brought against State agencies under the Tort Claims Act. Accordingly, this argument has no merit.

Defendants next argue that no duty is imposed by Chapter 95 of the North Carolina General Statutes, entitled "Department of Labor and Labor Regulations." They argue that if Chapter 95 establishes a duty, it is a duty owed by the employer not the government. We disagree.

Plaintiffs allege that a duty is imposed by N.C. Gen. Stat. section 95-4. This statute states that the Commissioner of Labor is "*charged with the duty*":

(4) To secure the enforcement of all laws relating to the inspection of factories, mercantile establishments, mills, workshops, public eating places, and commercial institutions in the State. . . .

(5) To visit and inspect, personally or through his assistants and factory inspectors, at reasonable hours, as often as practicable, the factories, mercantile establishments, mills, workshops, public eating places, and commercial institutions in the State, where goods, wares, or merchandise are manufactured, purchased, or sold, at wholesale or retail.

(6) To enforce the provisions of this section and to prosecute all violations of laws relating to the inspection of factories, mercantile establishments, mills, workshops, public eating houses, and commercial institutions in this State before any court of competent jurisdiction. . . .

N.C. Gen. Stat. § 95-4 (1993) (emphasis added).

[3] This statute clearly imposes specific duties upon the Commissioner of Labor to enforce inspection laws, to inspect the workplaces of North Carolina and to prosecute violations. One obvious purpose of this statute is to provide for the safety of the people who work in commercial establishments and to protect them from injuries in the workplace arising from unsafe conditions. Therefore, we hold that a violation of these duties to inspect and enforce can give rise to an action for negligence. *See Hunt v. North Carolina Department of Labor*, 96COA-312; *see also Coleman v. Cooper*, 89 N.C. App. 188, 195-97, 366 S.E.2d 2, 7-8 (1988).

[4] In the present case, plaintiffs have alleged that defendants have never inspected the plant. They further allege that, as a result of this breach of defendants' duty to inspect, they suffered injury. We hold that these allegations are sufficient to enable plaintiffs' negligence claim to withstand a motion to dismiss. Accordingly, the Industrial Commission did not err in denying defendants' motions.

Affirmed.

Judges WALKER and MARTIN, MARK D. concur.