F. S. LANGLEY, JR., v. PLANTERS TOBACCO WAREHOUSE, INC., AND W. F. RUSSELL.

(Filed 8 March, 1939.)

1. **Process § 6f—Service of process on president of foreign corporation within the State on personal business held not sufficient.**

   Where a foreign corporation does not do business within the State, does not maintain a process agent or any other agent here, and has not domesticated, and owns no property in the State, service of process on its president while he is within the State on personal business in nowise connected with the business of the corporation, is not a valid service of process. C. S., 483 (1). *Cotton Mills v. Menefee,* 237 U. S., 189, cited as controlling.

2. **Courts § 9—**

   Since the question of validity of service of process on a foreign corporation involves the Federal question of the denial of due process under the 14th Amendment to the Federal Constitution, the State courts are bound by the ruling of the Supreme Court of the United States.

APPEAL by plaintiff from *Pless, J.,* at January Term, 1939, of BUNCOMBE. Affirmed.

*W. K. McLean for plaintiff, appellant.*
*Milligan & Haynes and Lee & Lee for defendant, appellee.*

SCHENCK, J. This is an action instituted in the general county court of Buncombe County to recover damages for an alleged breach of contract of employment of the plaintiff by the corporate defendant.

After complaint was filed and before time for answering expired, the defendants entered special appearances and moved to dismiss the action upon the ground that there has been no valid service of process under C. S., 483 (1). The motion was denied as to the individual defendant, and allowed as to the corporate defendant. From the allowance of the motion as to the corporate defendant by the county court, the plaintiff appealed to the Superior Court, and upon the hearing of the case upon

appeal, the Superior Court overruled the exceptions of the plaintiff and affirmed the judgment of the county court dismissing the action as to the corporate defendant. From the judgment of the Superior Court the plaintiff appealed to the Supreme Court, assigning errors.

The plaintiff relies upon the cases of *Jester v. Steam Packet Co.,* 131 N. C., 54; *McDonald v. MacArthur,* 154 N. C., 122; *Cunningham v. Express Co.,* 67 N. C., 425; and *Menefee v. Cotton Mills,* 161 N. C., 164, and the corporate defendant, appellee, concedes that these cases support the contentions of the plaintiff and are against its position, but the appellee contends that the case of *Cotton Mills, plaintiff in error, v. Menefee,* 237 U. S., 189 (59 Law ed., 910), which reversed the decision of this Court in *Menefee v. Cotton Mills, supra,* is applicable to the instant case and destroys the authority of the cases mentioned for the position of the plaintiff on this appeal.

The Superior Court adopted the findings of fact and affirmed the judgment of the county court dismissing the action. The findings of fact are supported by the evidence, and, when the principles enunciated in *Cotton Mills v. Menefee, supra,* are applied to the facts found, they support the judgment. These facts are substantially that the defendant appellee, the Planters Tobacco Warehouse, Inc., is a corporation chartered by and having its principal office and place of business in the State of Tennessee, and operates three warehouses in Greenville, Tennessee, at which tobacco is sold on commission; that W. F. Russell is the president of said corporation; that on and prior to 30 September, 1938, the date service of summons was made upon said Russell by delivering to him a copy thereof, said corporation was not doing business within the State of North Carolina, and did not maintain a process agent or any other agent in, and had not domesticated in, and did not own property in said State; that said Russell was in the State of North Carolina on 30 September, 1938, to attend to his cattle business, which business was personal and in no wise connected with the business of the defendant corporation; that the plaintiff is a resident of Asheville, North Carolina.

The Supreme Court of the United States in *Cotton Mills v. Menefee, supra,* states: ". . . it is indubitably established that the courts of one state may not, without violating the due process clause of the 14th Amendment, render a judgment against a corporation organized under the laws of another state where such corporation has not come into such state for the purpose of doing business therein, or has done no business therein, or has no property therein, or has no qualified agent therein upon whom process may be served; and that the mere fact that an officer of a corporation may temporarily be in the state or even permanently

reside therein, if not there for the purpose of transacting business for the corporation, or vested with authority by the corporation to transact business in such state, affords no basis for acquiring jurisdiction or escaping the denial of due process under the 14th Amendment which would result from decreeing against the corporation upon a service had upon such an officer under such circumstances."

Since a federal question is involved, we are bound by the ruling of the Supreme Court of the United States, and an application of such ruling to the instant case impels the affirmation of the judgment of the Superior Court.

Affirmed.