Bochkis v. Med. Justice Servs., Inc., 2016 NCBC 89.

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 6434

MARK BOCHKIS,

        Plaintiff,

v.

MEDICAL JUSTICE SERVICES,
INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**ORDER AND OPINION ON
DEFENDANT'S MOTION TO DISMISS
AND MOTION TO STRIKE**

1. **THIS MATTER** is before the Court upon Defendant Medical Justice Services, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Second Claim for Relief (the "Motion to Dismiss") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)") and Motion to Strike (the "Motion to Strike") (collectively the "Motions") pursuant to Rule 12(f) filed August 26, 2016 in the above-captioned case. For the reasons stated below, the Court hereby **GRANTS** the Motion to Dismiss **without prejudice** and **DENIES** the Motion to Strike.

> *Fitzgerald Litigation, by Andrew L. Fitzgerald and D. Stuart Punger, Jr., for Plaintiff Mark Bochkis.*

> *Ogletree, Deakins, Nash, Smoak & Stewart, by Regina W. Calabro and Jennifer Cotner, for Defendant Medical Justice Services, Inc.*

Robinson, Judge.

## I.    INTRODUCTION

2. This lawsuit arises out of Plaintiff's contention that Defendant has wrongfully sought to enforce an employment agreement containing unenforceable

non-competition and non-disclosure provisions. Plaintiff seeks a declaratory judgment that the restrictive covenants in the employment agreement are unenforceable, that the agreement does not prohibit Plaintiff's employment with prospective employer COCG, and that Defendant's alleged actions have improperly restrained Plaintiff's ability to secure gainful employment. Plaintiff also asserts a claim for wrongful interference with prospective contract.

3. The Motion to Dismiss seeks dismissal pursuant to Rule 12(b)(6) only of Plaintiff's second claim for wrongful interference with prospective contract and does so on two grounds; first, that Plaintiff has not alleged facts sufficient to show the elements of the claim, and second, that Defendant has immunity from this claim pursuant to North Carolina's Job Reference Shield Law, N.C. Gen. Stat. § 1-539.12. The Motion to Strike seeks an order striking paragraphs 11 and 22 of the Complaint pursuant to Rule 12(f) on the basis that Plaintiff inappropriately refers to settlement negotiations and irrelevant material.

4. Although the Court concludes that Defendant is not immune from civil liability under N.C. Gen. Stat. § 1-539.12, the Court concludes that Plaintiff has failed to allege facts sufficient to state a claim for wrongful interference with prospective contract. Accordingly, the Court concludes that Defendant's Motion to Dismiss should be granted.

5. As to the Motion to Strike, the Court concludes in its discretion that none of the allegations in the Complaint that Defendant seeks to have stricken are clearly

irrelevant or improper. Accordingly, the Court concludes that Defendant's Motion to Strike should be denied.

## II.    PROCEDURAL HISTORY

6.    Plaintiff Mark Bochkis ("Plaintiff") initiated this action on July 22, 2016 by filing a Verified Complaint for Declaratory Judgment and Other Relief (the "Complaint") in Guilford County Superior Court.

7.    Also on July 22, 2016, Plaintiff filed a Notice of Designation of Action as a Mandatory Complex Business Case. By order dated July 25, 2016, the Chief Justice of the Supreme Court of North Carolina assigned the case to Chief Business Court Judge Gale to determine whether the action met the designation requirements of a mandatory complex business case in accord with N.C. Gen. Stat. § 7A-45.4.

8.    By Order dated August 9, 2016, Chief Judge Gale concluded that designation of this case as a mandatory complex business case was appropriate, and assigned this case to the undersigned.

9.    On August 26, 2016, Defendant filed the Motions.

10.    The Motions were fully briefed, and the Court held a hearing on the Motions on November 2, 2016. The Motions are ripe for resolution.

## III.    FACTUAL BACKGROUND

11.    The Court does not make findings of fact on a motion to dismiss under Rule 12(b)(6), but only recites those facts included in the Complaint that are relevant to the Court's determination of the Motion. *See, e.g.*, *Concrete Serv. Corp. v. Investors Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986).

12. Plaintiff is a citizen and resident of Guilford County, North Carolina. (Compl. ¶ 1.)

13. Defendant is a North Carolina corporation with its principal place of business in Guilford County, North Carolina. (Compl. ¶ 2.) Jeff Segal ("Mr. Segal") is Defendant's Chief Executive Officer. (Compl. ¶ 2.)

14. Defendant employed Plaintiff from February 27, 2013 until June 30, 2016. (Compl. ¶ 4.) While employed by Defendant, Plaintiff served as a communications manager for its "eMerit service." (Compl. ¶ 5.)

15. At the commencement of his employment with Defendant, Plaintiff signed a Confidential Information and Inventions Agreement/Restrictive Covenant/Non-Disparagement Agreement (the "Agreement"). (Compl. ¶ 6; Compl. Ex. A.) The Agreement contained, among other things, non-competition and non-disclosure covenants. (Compl. Ex. A ¶¶ 2, 9.)

16. During his employment with Defendant, Plaintiff researched and spoke with potential "partners" with whom Defendant sought to do business. (Compl. ¶ 7.) One such prospective partner was Healthgrades Operating Company, Inc. ("Healthgrades"), a company located in Denver, Colorado. (Compl. ¶ 7.) The employees at Healthgrades with whom Plaintiff interacted were all based in Denver.

17. During his employment with Defendant, Plaintiff began to consider job opportunities with other companies. (Compl. ¶ 8.) A potential opportunity arose with COCG, a company owned by Healthgrades and located in Raleigh, North Carolina. (Compl. ¶ 8.)

18. COCG is a digital marketing company that handles marketing efforts for Healthgrade's hospital clients. (Compl. ¶ 8.) Plaintiff applied to be employed by COCG as a copywriter. (Compl. ¶ 8.)

19. Eventually, an employee of Healthgrades contacted Defendant to verify Plaintiff's employment. (Compl. ¶ 10.) At that time, an employee of Defendant told the Healthgrades representative that Plaintiff was restricted by a non-compete that would apply to his new proposed position with COCG. (Compl. ¶ 10.)

20. Defendant terminated Plaintiff on June 30, 2016. (Compl. ¶ 11.) Defendant, through counsel, has indicated that it will sue Plaintiff to prevent him from taking the position offered by COCG. (Compl. ¶ 14; *see* Compl. Ex. B.)

21. As a result of Defendant's expressed position with respect to the Agreement, Healthgrades has indicated to Plaintiff that a job offer to him would be contingent on confirmation from Defendant or a court order indicating that the Agreement does not prevent Plaintiff's employment with COCG. (Compl. ¶ 13.)

22. Caught between the positions with his former employer, Defendant, and his prospective employer, COCG, Plaintiff has been left without a job or means of income and has filed this action seeking a declaratory judgment that Plaintiff is not prohibited by the Agreement from working for COCG as well as monetary damages for Defendant's alleged wrongful interference with Plaintiff's prospective contract with COCG. (Compl. ¶ 16.)

## IV. LEGAL STANDARD

23. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the Complaint liberally and reviews the allegations of the Complaint in the light most favorable to Plaintiff. *See Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009). The Court's inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).

24. Dismissal of a claim pursuant to Rule 12(b)(6) is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985); *see also Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986). Otherwise, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (emphasis omitted).

25. The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005). The Court can also ignore a party's legal conclusions set forth

in its pleading. *McCrann v. Pinehurst, LLC*, 225 N.C. App. 368, 377, 737 S.E.2d 771, 777 (2013).

26.     With respect to the Motion to Strike, Rule 12(f) provides that the Court may "order stricken from any pleading . . . any redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C. Gen. Stat. § 1A-1, Rule 12(f). "Rule 12(f) motions are addressed to the sound discretion of the trial court" and "[m]atter should not be stricken unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion [to strike] should be denied." *Reese v. City of Charlotte*, 196 N.C. App. 557, 567, 676 S.E.2d 493, 499 (2009) (internal citations and quotation marks omitted).

## V.     ANALYSIS

27.     The Motion to Dismiss seeks dismissal pursuant to Rule 12(b)(6) of Plaintiff's Second Claim for Relief for Wrongful Interference with Prospective Contract on the basis that Plaintiff has not alleged facts sufficient to show the elements of the claim, and that Defendant has immunity from this claim pursuant to North Carolina's Job Reference Shield Law, N.C. Gen. Stat. § 1-539.12. Defendant's Motion to Strike seeks to have stricken two paragraphs of the Complaint pursuant to Rule 12(f) on the basis that Plaintiff inappropriately refers to settlement negotiations and irrelevant material.

### A.     Motion to Dismiss

28.     To state a claim for wrongful interference with prospective contract, a plaintiff must allege that the defendant "interfere[d] with a business relationship 'by

maliciously inducing a person not to enter into a contract with a third person, which he would have entered into but for the interference, . . . if damage proximately ensues, when this interference is done not in the legitimate exercise of the interfering person's rights.'" *Beverage Sys. of the Carolinas, LLC v. Associated Bev. Repair, LLC*, 368 N.C. 693, 701, 784 S.E.2d 457, 463 (2016) (quoting *Spartan Equip. Co. v. Air Placement Equip. Co.*, 263 N.C. 549, 559, 140 S.E.2d 3, 11 (1965)). "[A] plaintiff must produce evidence that a contract would have resulted but for a defendant's malicious intervention." *Id.*

29. Defendant argues that Plaintiff has failed to allege that Defendant induced Healthgrades to not enter into a contract with Plaintiff. In support of its argument, Defendant attaches to its Motion to Dismiss an affidavit of Defendant's Chief Executive Officer, Mr. Segal. Attached to Mr. Segal's affidavit as Exhibit 1 is an e-mail from a Healthgrades employee to Defendant. "[W]hen ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers even though they are presented by the defendant." *Oberlin Capital, LP v. Slavin*, 147 N.C. App. 52, 60 (2001). Defendant thus asserts that the Court can, and should, consider this e-mail in ruling on Defendant's Motion to Dismiss.

30. Specifically, Defendant contends that this e-mail is referenced in paragraphs 10 and 21 of the Complaint. Paragraph 10 of the Complaint alleges that "[a]n employee of Healthgrades contacted [Defendant] to verify [Plaintiff's] employment. At the time, an employee of [Defendant] specifically told the

Healthgrades representative that [Plaintiff] was restricted by a non-compete that would apply to his new proposed position with COCG." Paragraph 21 of the Complaint alleges that "[Defendant], through [Mr. Segal], acted maliciously and without justification in wrongfully telling Healthgrades that [Plaintiff] was prevented by contract from taking a job with COCG."

31. Despite Defendant's contention that "[t]he crux of Plaintiff's claim is the e-mail Segal sent to Healthgrades," (Def.'s Br. Supp. Mot. Dismiss 6), the e-mail that Defendant relies on is not specifically referred to in these two paragraphs, or anywhere else in Plaintiff's Complaint. An allegation of some communication between Defendant and Healthgrades is not a specific reference to a specific e-mail. Indeed, Plaintiff's counsel represented to the Court at the hearing on the Motions that Plaintiff was not, at the time of the filing of the Complaint, aware of the existence of the specific e-mail on which Defendant relies. Without a specific reference in the Complaint to the document that Defendant relies on, the Court concludes that it cannot consider the document in resolving Defendant's Motion to Dismiss under Rule 12(b)(6).

32. Nonetheless, even without considering the e-mail relied on by Defendant, the Court concludes that Plaintiff has failed to allege facts sufficient to state a claim for wrongful interference with prospective contract. In relevant part, Plaintiff alleges that:

- Plaintiff, while employed by Defendant, served as a communications manager for Defendant's "eMerit service," (Compl. ¶ 5);

- Healthgrades was a prospective partner with which Defendant sought to do business, (Compl. ¶ 7);

- COCG is a digital marketing company owned by Healthgrades that handles marketing efforts for Healthgrade's hospital clients, (Compl. ¶ 8);

- Healthgrades indicated to Plaintiff its intention to extend to him an offer of employment for the position at COCG, (Compl. ¶ 9);

- Plaintiff applied to be a copyrighter at COCG, (Compl. ¶ 8);

- The individuals at COCG with whom Plaintiff would interact, and the subject matter of his prospective job, were distinct from his relationships and role with Defendant, (Compl. ¶ 8);

- An employee of Healthgrades contacted Defendant to verify Plaintiff's employment and, at that time, an employee of Defendant specifically told Healthgrades that Plaintiff was restricted by a non-compete that would apply to his new proposed position with COCG, (Compl. ¶ 10);

- As a result of Defendant's actions, Healthgrades subsequently indicated to Plaintiff that a job offer would be contingent on confirmation from Defendant, or a court order, indicating that the Agreement did not prohibit Plaintiff's employment with COCG, (Compl. ¶ 13);

- Defendant has indicated that it will sue Plaintiff to prevent him from taking the position that he had been offered with COCG, (Compl. ¶ 14);

- Defendant has asserted that Healthgrades' intent in hiring Plaintiff is based on its desire to learn more about Defendant's business practices and other confidential information protected by the Agreement, and that COCG's employment of Defendant would inevitably lead to the disclosure of protected trade secrets and other confidential information, (Compl. ¶ 15); and

- Plaintiff has been left without a job or means of income as a result of Defendant's actions, (Compl. ¶ 16).

33. Defendant argues that it was justified in engaging in any interference with Plaintiff's prospective employment because Defendant was acting to protect its legitimate business interests. Indeed, "even where there is actual interference, a motion to dismiss should be granted where the interference is justified or privileged." *Cobra Capital LLC v. RF Nitro Communs., Inc.*, 266 F. Supp. 2d 432, 439 (M.D.N.C. 2002) (citing *Peoples Sec. Life Ins. Co. v. Hooks*, 322 N.C. 216, 220, 367 S.E.2d 647 (1988)). A plaintiff must allege that the defendant "acted with malice and for a reason not reasonably related to the protection of a legitimate business interest." *Id.* (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 94, 221 S.E.2d 282 (1976)). "[T]he complaint must admit of no motive for interference other than malice." *Filmar Racing, Inc. v. Stewart*, 141 N.C. App. 668, 674, 541 S.E.2d 733, 738 (2001).

34. Here, although Plaintiff makes conclusory allegations that Defendant "acted maliciously and without justification in wrongfully telling Healthgrades that [Plaintiff] was prevented by contract from taking a job with COCG," these conclusory allegations are not sufficient to withstand dismissal. *See Charlotte Motor Speedway, LLC v. Cnty. of Cabarrus*, 230 N.C. App. 1, 6, 748 S.E.2d 171, 175 (2013) (legal conclusions in a complaint are not entitled to a presumption of validity under Rule 12(b)(6)).

35. Moreover, Plaintiff's Complaint admits of a motive for Defendant's interference other than malice. Plaintiff has alleged that Healthgrades and Defendant were potential "partners" and that Defendant's alleged interference was as a result of Defendant's concern that Healthgrades was interested in acquiring the trade secrets and other confidential information of Defendant. These allegations, if true, make any interference by Defendant justified as a matter of law. *See, e.g.*, *Hooks*, 322 N.C. at 221, 367 S.E.2d at 650 ("[C]ompetition in business constitutes justifiable interference in another's business relations and is not actionable so long as it is carried on in furtherance of one's own interests and by means that are lawful."); *Reichold Chems., Inc. v. Goel*, 146 N.C. App. 137, 151, 555 S.E.2d 281, 290 (2001) (stating that a trade secret owner will not be liable for tortious interference by seeking to legitimately protect its legal rights).

36. Accordingly, the Court concludes that Plaintiff's Complaint admits of a motive for Defendant's alleged interference other than malice and, therefore, that Plaintiff has failed to sufficiently allege a claim for wrongful interference with

prospective contract. The Court thus concludes that the Motion to Dismiss should be granted.

37. The Court concludes, however, that dismissal of Plaintiff's Second Claim for Relief should be without prejudice. "The decision to dismiss an action with or without prejudice is in the discretion of the trial court . . . ." *First Fed. Bank v. Aldridge*, 230 N.C. App. 187, 191, 749 S.E.2d 289, 292 (2013). Although the Court concludes that Plaintiff has not alleged facts sufficient to state a claim for wrongful interference with prospective contract, it is not clear to the Court that evidence supporting such a claim will not be uncovered through discovery in connection with Plaintiff's claim for declaratory judgment. Thus, the Court concludes, in the exercise of its discretion, that dismissal of Plaintiff's claim should be without prejudice to Plaintiff's right to seek leave to reassert such a claim by way of a motion to amend his Complaint in the event discovery uncovers new facts sufficient to establish the elements of a claim for wrongful interference.

38. Defendant also argues as another basis for dismissal of Plaintiff's wrongful interference claim that it is immune from liability for wrongful interference with prospective contract pursuant to N.C. Gen. Stat. § 1-539.12. The Court concludes that section 1-539.12 is not a separate basis for dismissal at this stage of the proceeding.

39. N.C. Gen. Stat. § 1-539.12 provides that "[a]n employer who discloses information about a current or former employee's job history or job performance to a prospective employer of the current or former employee upon request of the

prospective employer . . . is immune from civil liability and is not liable in civil damages for the disclosure or any consequences of the disclosure." N.C. Gen. Stat. § 1-539.12(a). Defendant argues that it provided Healthgrades with information regarding Plaintiff's job history upon Healthgrades' request and that, as such, Defendant is immune from any liability for the disclosure.

40. Section 1-539.12(b) defines "job performance," but does not define "job history." The Court is not convinced that a communication from Defendant to Healthgrades that Plaintiff is bound by a non-compete in response to a request to verify Plaintiff's employment constitutes "job performance" or "job history" under section 1-539.12(b). Plaintiff's claim, however, is based on more than that communication. For example, Plaintiff also alleges that Defendant advised that it will sue Plaintiff to prevent him from taking the position that he was offered with COCG. Without further development of the factual record, the Court is not prepared to dismiss Plaintiff's claim at this stage on the additional basis of immunity from civil liability under section 1-539.12.

41. Nonetheless, as explained above, the Court concludes that Plaintiff's claim for wrongful interference with prospective contract should be dismissed without prejudice.

B. Motion to Strike

42. Finally, Defendant requests that the Court strike paragraphs 11 and 22 of the Complaint, pursuant to Rule 12(f).

43. Defendant contends that paragraphs 11 and 22 contain a reference to a settlement offer by Defendant in violation of North Carolina Rule of Evidence 408. Even assuming that alleging a fact, evidence of which would be inadmissible at trial, is properly struck under Rule 12(f), it is not clear to the Court at this stage that either paragraph 11 or 22 refers to evidence that would be inadmissible under Rule of Evidence 408. The Court thus, in the exercise of its discretion, denies Defendant's Motion to Strike on this basis.

44. Defendant also argues that the allegation made in the last sentence of paragraph 11, that Mr. Segal holds a law degree, is irrelevant and should thus be stricken. Again, it is not clear to the Court at this stage that such an allegation is irrelevant. Therefore, the Court, in the exercise of its discretion, also denies Defendant's Motion to Strike on this basis. *See Reese*, 196 N.C. App. at 567, 676 S.E.2d at 499 ("Matter should not be stricken unless it has no possible bearing upon the litigation.").

## VI. CONCLUSION

45. For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss **without prejudice** and **DENIES** the Motion to Strike.

**SO ORDERED**, this the 23rd day of November, 2016.

/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
   for Complex Business Cases