Gao v. Sinova Specialties, Inc., 2016 NCBC 102.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 6709

JIANXUN "BILL" GAO, individually,
and derivatively on behalf of Sinova
Specialties, Inc.,

            Plaintiff,

      v.

SINOVA SPECIALTIES, INC., a
North Carolina Corporation;
JOHANNES HECKMANN;
YAN "ELLEN" LIU; NEW SHORE,
INC., a North Carolina Corporation;
CALDER OVERSEAS, a British
Virgin Islands Company,

            Defendants,

      and

SINOVA SPECIALTIES, INC., a
North Carolina Corporation,

            Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER AND OPINION ON
DEFENDANT CALDER OVERSEAS'
MOTION TO DISMISS PURSUANT TO
RULE 12(b)(2)**

1.     **THIS MATTER** is before the Court upon Defendant Calder Overseas' ("Calder") Motion to Dismiss pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure ("Rule(s)") (the "Motion) in the above-captioned case. The Court will address other pending motions in this matter in separate orders.

2.     For the reasons stated below, the Court concludes that it does not have personal jurisdiction over Calder, and thus hereby **GRANTS** the Motion.

*Greenberg Traurig, LLP, by Gabriel Aizenberg, Andrew Enschedé, and Lucia Marker-Moore, and Brooks, Pierce, McLendon, Humphrey &*

*Leonard LLP, by Jeffrey E. Oleynik and Jessica Thaller-Moran, for Plaintiff Jianxun "Bill" Gao.*

*Higgins & Owens, PLLC, by Sara W. Higgins, appearing specially for Defendant Calder Overseas.*

Robinson, Judge.

## I. INTRODUCTION

3. The relevant factual and procedural background of this case is recited in detail in the Court's separate Order and Opinion on Defendants' Motions to Dismiss. The Motion that is the subject of this Order and Opinion seeks dismissal of all claims brought in this Court against Calder because the Court lacks personal jurisdiction over Calder. The Court agrees, and dismisses all claims brought against Calder in this lawsuit.

## II. LEGAL STANDARD

4. The Court's task in resolving the Motion has been thoroughly summarized by the North Carolina Court of Appeals:

> In order for the courts of this State to exercise jurisdiction over the person of a nonresident defendant, (1) there must be statutory authority for the exercise of jurisdiction, and (2) the nonresident defendant must have sufficient contacts with this State such that the exercise of jurisdiction does not violate the federal due process clause. The allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged. If the exercise of personal jurisdiction is challenged by a defendant, a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits. If the court takes the latter option, the plaintiff has the initial burden of establishing *prima facie* that jurisdiction is proper.

*Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 614–15, 532 S.E.2d 215, 217 (2000).

## III.  FINDINGS OF FACT

5.    Gao has requested that the Court make findings of fact regarding personal jurisdiction.  *See id.* at 615, 532 S.E.2d at 217 ("Either party may request that the trial court make findings regarding personal jurisdiction.").  Therefore, the Court makes the following findings of fact, based on Gao's Verified Amended Complaint and the affidavits of Calder, Gao, and Gao's counsel.

6.    Calder is a British Virgin Islands company with its principal place of business in Tortola, British Virgin Islands.  (Am. Compl. ¶ 13; 3rd Liu Aff. ¶ 2.) Defendant Yan "Ellen" Liu ("Liu") is the sole shareholder of Calder.

7.    Nominal Defendant Sinova Specialties, Inc. ("Sinova US") is a North Carolina corporation with its principal place of business in Matthews, North Carolina.  (Am. Compl. ¶ 9.)

8.    Calder presently conducts no active business.  (3rd Liu Aff. ¶ 3.)

9.    Calder has never maintained any facility, office, or other presence in North Carolina.  (3rd Liu Aff. ¶ 4.)

10.    Calder has never shipped any items of commerce into North Carolina.  (3rd Liu Aff. ¶ 5.)

11.    Calder does not have a website.  (3rd Liu Aff. ¶ 7.)

12.    Calder has never had any representatives or employees located in North Carolina.  (3rd Liu Aff. ¶ 8.)

13.    There is no evidence that anyone associated with Calder has ever been to North Carolina to carry out any business of Calder.

14. Calder's sole shareholder, Liu, is also a shareholder of Sinova US. (Am. Compl. ¶ 27; 3rd Liu Aff. ¶ 2.)

15. Calder is a defendant in this action based on its role in a series of allegedly wrongful transactions in 2012 (the "Calder Transactions"). (*See* Am. Compl. ¶¶ 123–126.) Gao alleges in the Amended Complaint that the Calder Transactions occurred as follows. First, Sinova US sold chemical compounds that Gao developed for Sinova US to Sinova US customers in the United States. Next, Sinova US transferred a portion of the customer payments to a related company, Sinova Chemicals Limited, f/k/a Sinomax Solutions Co., Limited ("Sinova HK"). Next, Liu caused Sinova HK to transfer these payments, totaling at least $4,300,000 to Calder. Finally, Calder transferred the funds to Sinova (Beijing) Catalyst Technology Co., Ltd., a/k/a Sinomax Specialties Inc. (Beijing) ("Sinova Beijing" and, collectively with Sinova US and Sinova HK, the "Sinova Companies") in New York. (Am. Compl. ¶¶ 123–25.)

16. The funds involved in the Calder Transactions, however, were not generated from Sinova US sales, but from sales by Sinomax Solutions Co. Ltd. ("SMBJ") a company unaffiliated with any of the Sinova Companies, and in which none of the parties in this action have an ownership interest. (Am. 4th Liu Aff. ¶¶ 1–2.) Sinova US and Sinova HK assisted SMBJ with collections from customers in the United States. (1st Liu Aff. ¶¶ 11–12.)

17. The Calder Transactions actually functioned as follows: In 2012, Shell Chemicals paid Sinova US for products it purchased from SMBJ, and other customers paid Sinova HK for products purchased for SMBJ. (Am. 4th Aff. ¶¶ 3, 6, 8.) These

customer payments were then transferred by Sinova US and Sinova HK to SMBJ, sometimes through Calder or other intermediaries. (Am. 4th Liu Aff. ¶¶ 3, 6, 8.) The record before the Court, however, contains no evidence that Sinova US ever transferred funds directly to Calder.

18. The record reflects that one payment of $396,000 was transferred from Sinova US to Sinova HK, and then from Sinova HK to Calder. None of these funds, however, were transferred directly from Sinova US to Calder. (4th Liu Aff. ¶ 3.)

19. There is no evidence that Calder ever received funds from a North Carolina bank account.

20. On November 8, 2016, during a break at a hearing in this matter in Greensboro, North Carolina, Gao's counsel informed Calder's counsel that Gao's counsel intended to serve an Alias and Pluries Summons and a copy of the Amended Complaint on Calder by handing it directly to Liu. (Oleynik Aff. ¶ 4.) Counsel for Liu agreed to accept the Summons and Amended Complaint, and Gao's counsel handed those pleadings to her. (Oleynik Aff. ¶ 4.)

## IV.  CONCLUSIONS OF LAW

21. As an initial matter, the Court is mindful that courts in this state should liberally construe North Carolina's long-arm statute in favor of finding personal jurisdiction. *Speedway Motorsports Int'l Ltd. v. Bronwen Energy Trading, Ltd.*, 209 N.C. App. 474, 488, 707 S.E.2d 385, 394 (2011). "If, however, 'there is *no* evidence to support an essential finding of fact,' no jurisdiction exists." *Id.* (quoting *Spivey v. Porter*, 65 N.C. App. 818, 819, 310 S.E.2d 369, 370 (1984)).

22.     The Court must first determine whether North Carolina's long-arm statute permits the exercise of personal jurisdiction.  *Filmar Racing, Inc. v. Stewart*, 141 N.C. App. 668, 671, 541 S.E.2d 733, 736 (2001).  Gao argues that the Court has personal jurisdiction over Calder under N.C. Gen. Stat. §§ 1-75.4(4) and (5).

23.     N.C. Gen. Stat. § 1-75.4(4) provides, in relevant part, that jurisdiction over a defendant is proper

> in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury . . . [s]olicitation or services activities were carried on within this State by or on behalf of the defendant.

N.C. Gen. Stat. § 1-75.4(4)(a).  Thus, under this subsection, Gao must establish: (1) "an action claiming injury to a North Carolina person or property"; (2) "that the alleged injury arose from activities by [Calder] outside of North Carolina"; and (3) that [Calder] was engaging in solicitation or services within North Carolina at or about the time of the injury."  *Speedway Motorsports*, 209 N.C. App. at 488, 707 S.E.2d at 394 (internal quotation marks and citation omitted).

24.     The Court concludes that Gao has presented sufficient evidence to show the existence of the first two factors.  Although the current record evidence tends to show that the funds Sinova US alleges Calder misappropriated were not actually Sinova US funds at all, but rather SMBJ funds, this action, and specifically the claims brought against Calder, *claims* injury to Sinova US, a North Carolina corporation.  *See Barclays Leasing, Inc. v. Nat'l Bus. Sys., Inc.*, 750 F. Supp. 184, 188 (W.D.N.C. 1990) ("[T]he statute is satisfied if the plaintiff merely *claims* an injury occurred, not

that the plaintiff has actually proven the injury."). In addition, Gao alleges Sinova US suffered injury as a result of Calder's conduct outside of North Carolina.

25. The Court cannot conclude, however, that Gao has brought forth evidence to satisfy the third element of section 1-75.4(4)(a). N.C. Gen. Stat. § 1-75.2 defines "solicitation" as "a request or appeal of any kind, direct or indirect, by oral, written, visual, electronic, or other communication, whether or not the communication originates from outside the State." N.C. Gen. Stat. § 1-75.2(5). Gao contends that Calder solicited Sinova US within North Carolina via telephone, email, and wire. Gao relies on *Peltier v. Mathis*, No. 1:14cv133, 2016 U.S. Dist. LEXIS 108403 (W.D.N.C. June 23, 2016), *report and recommendation adopted sub nom.*, No. 1:15-cv-00133-MOC-DLH, 2016 U.S. Dist. LEXIS 108402 (W.D.N.C. Aug. 16, 2016).

26. In *Peltier*, defendants, citizens and residents of states other than North Carolina, solicited plaintiff via letters and phone calls to sign an arbitration agreement whereby plaintiff agreed to submit a previously filed claim to arbitration before Judge Gregory Mathis in a televised arbitration-based court show. Specifically, one defendant sent plaintiff a letter via FedEx at his North Carolina address soliciting him to arbitrate the previously filed claim. Additionally, after plaintiff ignored the letter, that defendant began calling plaintiff and leaving him voicemails in an attempt to solicit his participation. The court held that such evidence of solicitation was sufficient to satisfy the requirements of N.C. Gen. Stat. § 1-75.4(4)(a). *Peltier*, 2016 U.S. Dist. LEXIS 108403, at *12.

27. Gao attempts to analogize the evidence in *Peltier* to the evidence of record here. The Court notes initially that, although the court in *Peltier* concluded that personal jurisdiction was proper, the court nonetheless dismissed the action based on improper venue. In addition, contrary to Gao's assertions, the Court finds no evidence that Calder solicited an arrangement with Sinova US to engage in the Calder Transactions. In *Peltier*, there was clear evidence that individual defendants had solicited plaintiff via letters and telephone. Here, there is no such evidence.

28. There is no evidence of e-mails, letters, telephone calls, or any other communications from Calder to Sinova US that could be considered solicitations. There is no evidence that any funds from Sinova US in North Carolian were ever transferred directly to Calder. Without more, the Court cannot conclude that Gao has *prima facie* established jurisdiction under N.C. Gen. Stat. § 1-75.4(4)(a).

29. Gao also argues that the Court has jurisdiction over Calder pursuant to N.C. Gen. Stat. § 1-75.4(5), which permits jurisdiction "[i]n any action which . . . [r]elates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction . . . ." N.C. Gen. Stat. § 1.75.4(5)(d). Although wire transfers constitutes a "thing of value" under the statute, *see Baker v. Lanier Marine Liquidators, Inc.*, 187 N.C. App. 711, 714, 654 S.E.2d 41, 44 (2007), there is simply no evidence of any wire transfer from Sinova US to Calder.

30. Even if North Carolina's long-arm statute permitted the exercise of personal jurisdiction over Calder, such exercise of jurisdiction would not comport with the due process clause of the Fourteenth Amendment of the United States

Constitution. *See Filmar Racing*, 141 N.C. App. at 671, 541 S.E.2d at 736. The Court of Appeals has set out the Court's inquiry in this regard as follows:

> The Due Process Clause of the Fourteenth Amendment operates as a limitation on the power of a state to exercise *in personam* jurisdiction over a non-resident defendant. In determining whether the exercise of personal jurisdiction comports with due process, the crucial inquiry is whether the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. To generate minimum contacts, the defendant must have acted in such a way so as to purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the laws of North Carolina. Moreover, the relationship between the defendant and the state must be such that the defendant should reasonably anticipate being haled into a North Carolina court.

*Id.* at 671–72, 541 S.E.2d at 736–37. In determining the existence of minimum contacts, the Court considers the following factors: "(1) the quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience of the parties." *Id.* at 672, 541 S.E.2d at 737.

31. Here, the Court finds that Calder's contacts, or lack thereof, with North Carolina are insufficient to permit the Court's proper exercise of personal jurisdiction over Calder. Calder has never shipped any items of commerce into North Carolina. Calder has never had any representatives or employees conducting business in North Carolina. There is no evidence that Calder ever received funds directly from Sinova US or any other North Carolina bank account. The only possible contact Calder has with the state of North Carolina is one transaction where funds from Sinova US were transferred from Sinova US's bank account in North Carolina to Sinova Hong Kong,

and then to Calder. The Court concludes that such an attenuated connection with the state is insufficient to invoke jurisdiction here.

32. Finally, Gao argues that jurisdiction was established over Calder at the November 8, 2016 hearing when Gao's counsel informed Calder's counsel that Gao's counsel intended to serve an Alias and Pluries Summons and a copy of the Amended Complaint on Calder by handing it directly to Liu, and counsel for Liu agreeing to accept the Summons and Amended Complaint and Gao's counsel handing those pleadings to her. The Court disagrees.

33. "Where a foreign corporation does not do business in the State of North Carolina, has no property here, has not domesticated, and maintains no process agent here, personal service on its president or director while within the State on personal business is not service on the corporation." 24 Strong's N.C. Index 4th Process and Service § 111 (2016); *see also Langley v. Planters Tobacco Warehouse, Inc.*, 215 N.C. 237, 238–39, 1 S.E.2d 558, 559 (1939) ("[T]he mere fact that an officer of a corporation may temporarily be in the state . . . , if not there for the purpose of transacting the business for the corporation, . . . affords no basis for acquiring jurisdiction or escaping the denial of due process under the 14th Amendment which would result from decreeing against the corporation upon a service had upon such an officer under such circumstances."). Liu is a defendant in this matter; there is nothing to suggest that Liu was at the hearing in North Carolina on November 8 in her capacity as an officer of Calder. Calder has, to this point, appeared only specially to move to dismiss Gao's

claims against it for lack of personal jurisdiction. The Court concludes that such facts cannot constitute personal jurisdiction over Calder.

## V. CONCLUSION

34. For the foregoing reasons, the Court hereby **GRANTS** the Motion and **DISMISSES** all claims brought in this action against Calder for lack of personal jurisdiction.

**SO ORDERED**, this the 21st day of December, 2016.


/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
 for Complex Business Cases